United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDMUNDO BLANCO, <br><br> Plaintiff, <br><br> v. <br><br> MAGUIRE CORRECTIONAL FACILITY, et al., <br><br> Defendants. | Case No. 16-cv-05898 NC (PR) <br><br> **ORDER OF DISMISSAL** |

Plaintiff, a California prisoner proceeding *pro se*, has filed an amended civil rights complaint, pursuant to 42 U.S.C. § 1983.[1] For the reasons that follow, the court dismisses the amended complaint.

**BACKGROUND**

I.  Standard of Review

A federal court must engage in a preliminary screening of any case in which a

---

[1] Plaintiff previously consented to magistrate judge jurisdiction. Dkt. No. 1 at 4.

Case No. 16-cv-05898 NC (PR)
ORDER OF DISMISSAL

1

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

II.   Plaintiff's Claims

In the original complaint, Plaintiff claimed that on October 21, 2015, at Maguire Correctional Facility in San Mateo, Plaintiff was housed in a unit with two other groups of inmates who had a history of violence between them. While Plaintiff was out during recreation time with one group of inmates, an unnamed staff member unlocked all the doors in the housing unit, allowing the other group of inmates to run out and attack those who were already out at recreation time. Plaintiff argues that although he defended himself, he and others were overpowered. He alleges that his safety and security were ignored by the Maguire Correctional Facility, and that the facility did not take proper precautions to avoid the attack.

Case No. 16-cv-05898 NC (PR)
ORDER OF DISMISSAL

This Court dismissed Plaintiff's complaint with leave to amend. It informed Plaintiff that in order to state a cognizable claim that Defendant was deliberately indifferent to Plaintiff's safety, Plaintiff must provide facts sufficient to infer that Defendant knew of and disregarded an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Court found that, liberally construed, at best, Plaintiff's facts suggested that Defendant acted with negligence, but not with deliberate indifference. *See Farmer*, 511 U.S. at 835-36 & n.4 (recognizing that neither negligence nor gross negligence will constitute deliberate indifference). In addition, the Court informed Plaintiff that Defendant Maguire Correctional Facility was a municipal entity. As such, to impose municipal liability under Section 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff had not alleged any facts to show that Defendant's action or inaction was a result of any policy. The Court directed Plaintiff to file an amended complaint if he could correct the deficiencies.

In the amended complaint, Plaintiff named as Defendants Maguire Correctional Facility, San Mateo County, and San Mateo County's Sheriff's Department. Plaintiff

Case No. 16-cv-05898 NC (PR)
ORDER OF DISMISSAL

3

alleged that prison officials allowed a civilian contractor to train the staff on operation of "the new door system." During the training, "facility staff failed to adhere to the segregation protocol . . . and ran an unsecured training while a group was out and the training contractor unlocked all the doors in the unit." Am. Compl. at 3. This resulted in the two groups engaging in physical violence.

As the Court previously informed Plaintiff, a prisoner may state a Section 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Here, again, liberally construed, Plaintiff's facts show that the opening of the door by an unnamed person was a mistake, which is insufficient to make a claim of deliberate indifference. In addition, all Defendants are a part of San Mateo County, which is a municipality. Despite having been informed of the factors needed to plead a cognizable claim for municipal liability, Plaintiff has not set forth any facts suggesting that San Mateo County had a relevant policy, much less a policy that amounted to deliberate indifference, or a policy that was the moving force behind the constitutional violation. In fact, Plaintiff's allegations demonstrate that there was a "segregation protocol" or policy in place, but unnamed staff members failed to abide by it. Case law is clear that random acts or isolated incidents of unconstitutional action by a non-policymaking employee are insufficient to establish the existence of a municipal policy or custom. *See Rivera v. County of Los*

Case No. 16-cv-05898 NC (PR)
ORDER OF DISMISSAL

4

*Angeles*, 745 F.3d 384, 398 (9th Cir. 2014).

Accordingly, Plaintiff has not stated a cognizable claim for relief against Defendants.  The amended complaint is DISMISSED.  Because the Court has previously warned Plaintiff about the deficiencies of his original complaint, and Plaintiff has not cured either deficiency in his amended complaint, the Court finds that further leave to amend would be futile.

## CONCLUSION

The amended complaint is DISMISSED for failure to state a claim.  The Clerk shall terminate all motions and close the file.

**IT IS SO ORDERED.**

DATED:   March 21, 2017

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-05898 NC (PR)
ORDER OF DISMISSAL

5